

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-8-2002

# Nigroni v. Trump Plaza Assoc

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-3639

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Nigroni v. Trump Plaza Assoc" (2002). *2002 Decisions.* Paper 718.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/718

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

————————

No. 01-3639

————————

LOUIS NIGRONI; MARY NIGRONI;
JOSEPH F. LOMBARDO

v.

TRUMP PLAZA ASSOCIATES,
d/b/a Trump Plaza Hotel and Casino;
MILLAR ELEVATOR SERVICE COMPANY,

Millar Elevator Service Company,
Appellant

————————

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

(D.C. Civil No. 00-cv-03317)
District Judge:  The Honorable Stewart Dalzell

————————

Submitted Under Third Circuit LAR 34.1(a)
October 31, 2002
BEFORE: NYGAARD and WEIS, Circuit Judges and IRENAS,* District Judge.

————————

\* Honorable Joseph E. Irenas, Senior District Judge for the United States District
Court for the District of New Jersey, sitting by designation.

_____

OPINION OF THE COURT
_____

NYGAARD, Circuit Judge.

Appellant Millar Elevator Service Company appeals the District Court's order denying Millar's motion for a new trial pursuant to FED R. CIV. P. 59. Specifically, Millar alleges that the District Court erred by: (1) allowing references to certain hearsay testimony; (2) permitting the introduction of evidence concerning escalators adjacent to the one involved in the claim; (3) instructing the jury as to industry standards when no standards were put into evidence, and; (4) finding that the inappropriate statements made by Plaintiff's counsel during closing remarks did not influence the jury's verdict. The facts of this case are well known to the parties and only those relevant to our disposition are cited herein. We will affirm.

Millar first argues that the District Court erred by permitting the introduction of hearsay testimony when it allowed Nigroni's counsel to make references to the deposition of Len Cannon, an employee of Millar. With regard to the motion for new trial, the District Court found that the references to Len Cannon's deposition were not employed for the truth of Cannon's statements, but rather to form hypothetical questions to witnesses. Further, the District Court found that the jury was instructed that questions by

2

counsel were not evidence to be considered, and that the use of the testimony did not in any way affect Millar's substantive rights.

Hearsay is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." FED R. EVID. 801(c). The rule further explains that a statement is not hearsay if it is offered against a party and is "a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship." FED. R. EVID. 801(d)(2)(D). As Millar's brief explains, "[a]t the time of the accident Len Cannon was an hourly employee of Millar." App. Br. at 10. Mr. Cannon was employed as a mechanic and was present for the state inspection of the escalators, as well as immediately after the accident in question. His statements concerning the mechanical aspects of the escalator at the time of the inspection and immediately after the accident were thus made during, and in the context of, his employment for Millar. Because Mr. Cannon's statements do not qualify as hearsay, but rather as admissions by a party-opponent, they may be properly admitted against Millar.

Next, Millar contends that the introduction of evidence regarding the breakdown of an adjacent escalator after a state inspection was inappropriate. We disagree. Escalator 16 was located in the same escalator bank as escalator 17 – the escalator in question – and was subject to the same preventive maintenance. Further, both escalators passed state inspection shortly before Mr. Nigroni's accident. As the District Court explained, such "testimony was naturally relevant to demonstrate that the mere fact that

3

escalator 17 passed a state inspection less that a month before the accident did not foreclose a malfunction at the time of Nigroni's accident." Order of August 23, 2001. Given that the maintenance of the escalators was in issue, and that evidence concerning the state inspection of the escalators was entered, the District Court did not abuse its discretion by permitting evidence as to the post-inspection condition of escalator 16.

In instructing the jury, the District Court explained the effects of an industry standard on their deliberations. We have reviewed both the instruction and Millar's objections to it and find such an instruction was permissible. Both parties elicited testimony from expert witnesses as to the proper standards for escalator maintenance and repair, although no uniform industry standard was established. The District Court instructed the jury that "[c]ompliance with an industry standard is not necessarily conclusive as to the issue of negligence, and does not, of itself, absolve the defendant from liability." The instruction provided by the District Court simply informed the jury of how it should consider the standards discussed by the experts under New Jersey law, but did not create a presumption that any particular expert's testimony about a standard was determinative. Such an instruction was not prejudicial to either party and was permissible.

Millar also alleges that the remarks made by Nigroni's counsel during the closing arguments were inappropriate and improperly influenced the jury. The District Court considered this argument in deciding Millar's motion for new trial and found that the remarks, although inappropriate, did not influence the jury. When the motion for new trial

4

relates to counsel misconduct, we will defer to the trial court's assessment of the level of

prejudice involved. The District Court was in a better position to judge the effects of the

remarks by Nigroni's counsel. Looking at the record, we cannot say that the District Court

abused its discretion by finding that the remarks did not improperly influence the jury.

We will affirm.

_____

TO THE CLERK:

Please file the foregoing opinion.

/s/ Richard L. Nygaard
Circuit Judge